IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD MARTINEZ, | ) | CV-F-02-6311 AWI LJO P |
| | ) | |
| Plaintiff, | ) | ORDER REGARDING |
| | ) | PARTIES' STIPULATION |
| v. | ) | |
| | ) | ORDER DIRECTING CLERK |
| ANTONIA CHALMERS, et al., | ) | OF COURT TO CLOSE THIS |
| | ) | ACTION |
| Defendants. | ) | |
| _____ | ) | |

On October 25, 2006, the parties filed a stipulation for dismissal of this case with prejudice. The stipulation is made pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii). The notice is signed by the parties who have appeared in this case.

Rule 41(a)(1), in relevant part, reads:

> an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

Rule 41(a)(1)(ii) thus allows the parties to dismiss an action voluntarily, after service of an answer, by filing a written stipulation to dismiss signed by all of the parties who have appeared, although an oral stipulation in open court will also suffice. Carter v. Beverly Hills Sav. & Loan Asso., 884 F.2d 1186, 1191 (9th Cir. 1989); Eitel v. McCool, 782 F.2d 1470,

1472-73 (9th Cir. 1986).  Once the stipulation between the parties who have appeared is properly filed or made in open court, no order of the court is necessary to effectuate dismissal.  Fed. R. Civ. Pro. 41(a)(1)(ii); Eitel, 782 F.2d at 1473 n.4; see also  In re Wolf, 842 F.2d 464, 466 (D.C. Cir. 1989); Gardiner v. A.H. Robins Co., 747 F.2d 1180, 1189 (8th Cir. 1984);.  "The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice," and the dismissal "automatically terminates the action as to the defendants who are the subjects of the notice."  Wilson, 111 F.3d at 692; Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995).

   Because a stipulation for dismissal of this case with prejudice has been filed and signed by all parties who have made an appearance, as required by Rule 41(a)(1)(ii), this case has terminated.  See Fed. R. Civ. Pro. 41(a)(1)(ii); In re Wolf, 842 F.2d at 466; Gardiner, 747 F.2d at 1189; see also Gambale, 377 F.3d at 139; Commercial Space Mgmt, 193 F.3d at 1077; cf. Wilson, 111 F.3d at 692.

   Therefore, the Clerk of the Court is DIRECTED to close this case in light of the filed and properly signed Rule 41(a)(1)(ii) Stipulation Of Dismissal With Prejudice.

IT IS SO ORDERED.

**Dated:    October 30, 2006**              **/s/ Anthony W. Ishii**
0m8i78                                      UNITED STATES DISTRICT JUDGE